■ PHILIPPINA BIAMONTE, Appellant, v JAMES C. BIAMONTE, Respondent.—Judgment of the Supreme Court, Bronx County (Irma Vidal Santaella, J.), entered September 12, 1986, which, *inter alia,* awarded plaintiff-appellant 20% of the marital assets and $2,500 in attorney's fees, is unanimously modified, on the law and the facts and in the exercise of discretion, to the extent of directing that plaintiff be awarded 50% of the proceeds from the sale of the house, less closing costs, but without any deduction for any liens filed against the property, and the judgment is otherwise affirmed, without costs.

Plaintiff appeals from so much of the judgment as limited her share of the marital assets to 20%. The sole marital asset is a home in Suffolk County, and the pertinent facts relevant to the equitable distribution of this asset are essentially undisputed.

The parties were married on June 8, 1940. The husband and wife each worked throughout the marriage, with the wife having interrupted her employment for brief periods during their children's infancy. The children are now adults. Mrs. Biamonte was the major salary earner of the family, and her salary was primarily devoted to paying the household expenses of the couple's New York apartment and the child-rearing expenses. Defendant never contributed more than $40 per week to the household budget and only assumed responsibility for purchasing his own clothes. The wife additionally had full responsibility for all household chores and child-rearing responsibilities.

In 1946, the parties purchased a vacant lot in Suffolk County for a small price. In the 1950's a house was built thereon for $7,500. Of that amount, $2,500 was financed from defendant's own savings account, which came into existence during the marriage, and a $5,000 mortgage held in defendant's name, which has since been satisfied. Plaintiff claims to have given defendant between $300 to $400 for the construction of the house. The parties used this house as a vacation and weekend home. Plaintiff, in addition to maintaining the expenses of the marital apartment in New York City, also purchased the food for the vacation house, the furnishings, paid the electric and telephone bills and performed the house-

work. Defendant paid the taxes, insurance premiums, fuel costs and the mortgage.

While additional facts were revealed at the hearing conducted before a Special Referee relative to the issue of equitable distribution, this brief summary is sufficient to demonstrate the arbitrariness of the Referee's finding, as confirmed by the trial court, that upon selling the property the wife's equitable share should be limited to 20% of the proceeds, less the closing costs, since she had never contributed toward the mortgage, tax, fuel or insurance premium payments on the property.

While the Referee found the wife's testimony to be credible and correctly concluded that the only reason the husband could amass sufficient savings of his own to pay the mortgage and other major expenses on the Suffolk County home was because plaintiff essentially covered all the New York City household expenses, he seemingly ignored his own conclusions when he limited the wife's share to 20% and placed undue emphasis on the fact that the wife never directly made a mortgage, tax, fuel or insurance payment on the Suffolk County property. It is obvious that by devoting her salary to paying the household expenses of the New York City apartment, the wife indirectly contributed to the expenses of the Suffolk County home. In terms of the couple's over-all living expenses throughout the marriage, the wife had always been, at a minimum, an equal contributor. Considering the length of this marriage, the wife's dual role of homemaker and major contributor to the family expenses, her present poor health and poor future economic prospects, we conclude that an equitable distribution determination would be to award plaintiff 50% of the proceeds of the sale of the property, less closing costs, which shall include attorney's fees and broker's commission on the sale, without any deduction from her share of any judgment liens filed against the property. The judgment, to the extent appealed from, is so modified. Concur—Kupferman, J. P., Sandler, Carro, Milonas and Smith, JJ.